# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                              Plaintiff,<br>v.<br>WELLS FARGO BANK, INC.,<br><br>                            Defendant. | Case No.: 18cv318-MMA (JLB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERS* AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>[Doc. No. 2] |

      On February 8, 2018, Plaintiff Ronald Satish Emrit ("Plaintiff"), proceeding *pro se*, filed this action against Defendant Wells Fargo Bank, Inc. ("Defendant", raising various state law causes of action. Doc. No. 1, Complaint ("Compl."). Currently pending before the Court is his motion to proceed *in forma pauperis* ("IFP"). Doc. No. 2.

## BACKGROUND

      This action results from "the distinct possibility" that Plaintiff's checking account at Wells Fargo "had its security measures compromised notwithstanding the fact that . . . Plaintiff had closed his Wells Fargo Account" before the alleged security breach. Compl., ¶ 2. Plaintiff brings this action because he "apparently missed the deadline to join" as a class member in a class action that is "currently progressing" and which may have settled. Compl., ¶ 2-4.

1

According to Plaintiff, Defendant's "firewall" was breached and its customers' personal and private information were exposed. Compl., ¶ 13. Plaintiff opened a "Wells Fargo account when it was still Wachovia Bank at a branch in Bowie, MD . . . ." Compl., ¶ 14. While there, a branch manager tried to get Plaintiff to "joint a multi-level marketing company 'doing business as' . . . Your Travel Business International (YTBI) in which the plaintiff was to become a 'Referring Travel Agent.'" Compl., ¶ 15. Plaintiff alleges a referring Travel Agent with YTBI is similar to being a "'team trainer' with ACN,[1] which the plaintiff joined in 2007 . . . . ACN . . . is based on the 'pyramid sales' or Amway model which the plaintiff describes as he was being defrauded by a Ponzi sheme . . . ."[2] Compl., ¶ 16. Plaintiff ultimately joined YTBI and switched his checking account to "Chase Bank/JP Morgan in the summer of 2015." Compl., ¶19.

Plaintiff alleges he later attended law school in Miami Gardens, Florida, where he started a "fictitious entity" doing business as Alex Garcia Enterprises, Inc., "which was supposed to buy women's lingerie from wholesale distributors and retail it for a higher price." Compl., ¶ 20. Accordingly, he set up a business checking account with First Union Bank with a "rollover/private checking account." Compl., ¶ 21. "Prior to that, the plaintiff's grandmother . . . gave [him] [$]2,00[0] to invest in 1998 in which the plaintiff invested in an Individual Retirement Account (IRA), a mutual fund (through John Hancock Financial in Boston, MA), and a certificate of deposit . . . ." Compl., ¶ 22. Plaintiff alleges he invested this money through "a certified financial planner (CFP) with Chevy Chase Bank . . . in Silver Spring, MD." Compl., ¶23.

Based on the foregoing facts, Plaintiff alleges the following causes of action against Defendant: (1) breach of contract; (2) negligence; (3) tortious interference with

---

[1] Plaintiff does not explain what ACN stands for. *See* Compl.
[2] Plaintiff explains he attended an ACN convention in Salt Lake City, Utah where he stayed at different military bases in Utah. Compl., ¶ 17. On his way back from the convention, he also stayed in Omaha, Nebraska and Fort Meade, Maryland. *Id.*

business relations/contracts; and (4) intentional infliction of emotional distress. Compl., ¶ 27-35. Plaintiff prays for $250,000 in damages. *See* Compl.

## **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[3] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff's IFP application details his net monthly income and his monthly expenses, with his net monthly expenses exceeding his net monthly income. *See* Doc. No. 2. Based thereon, the Court concludes that Plaintiff should be allowed to proceed IFP pursuant to 28 U.S.C. § 1915(a) because his submission demonstrates that he lacks the financial resources to pay the costs of commencing this action. *See Rodriguez*, 169 F.3d at 1177. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. *See* Doc. No. 2.

//

//

---

[3] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 1914(b)). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous; malicious; fail[ing] to state a claim on which relief may be granted; or see[king] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id.* In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

As an initial matter, Plaintiff's factual allegations are "verbose," "confusing," "distracting, ambiguous, and unintelligible," and comprised of "incomprehensible rambling." *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (collecting dismissal of cases which did not provide a short and plain statement of the claim showing that the pleader is entitled to relief). Plaintiff's statement of facts are hard to follow and essentially require the Court to construct the grounds for relief from his pleadings. For example, Plaintiff states "Wells Fargo was

4

18cv318-MMA (JLB)

found to have its 'firewall' breached and its account holders had their personal and private information exposed . . . ." Compl., ¶ 13. From there, Plaintiff alleges he began working for an organization and "was being defrauded by a Ponzi scheme" at the behest of a branch manager of Wachovia Bank in Maryland. Compl., ¶¶ 14-16, 19. Plaintiff then goes on a tangent, explaining which air force bases he visited while attending a convention for a different organization and explains that he "believes in the acronym 'COLE WMA' which is the plaintiff's 'code phrase' for 'Concentrate on Leaving Earth With Me Again' and has the last name of the plaintiff's cousin . . . who lives in Highland Beach in Annapolis, MD, i.e. a private beach for freed slaves and abolitionists like Harriet Tubman . . . and Frederick Douglass." Compl., ¶ 18. Plaintiff then alleges he attended law school in Florida and started a fictitious entity that purchased "women's lingerie from wholesale distributors" and retailed it for a higher price. Compl, ¶ 20. He explains his grandmother gave him money to set up a business account, which his financial planner from "Chevy Chase Bank" assisted him with. Compl., ¶¶ 22-23. Plaintiff concludes that "although [he] is not a conspiracy theorist, he would like to point out that First Union Bank reminds him of the 'Former Soviet Union' which has the same acronym as Florida State University . . . ." Compl., ¶ 26.

      Additionally, Plaintiff's causes of action allegations suffer from several defects. For each cause of action he states Defendant is liable because it allowed millions of its account holders "to have their private account information hacked into and exposed . . . ." Compl., ¶¶ 29, 31, 33, 35. Beyond that, Plaintiff merely recites the elements for breach of contract, negligence, tortious interference with business relations/contracts, and intentional infliction of emotional distress. Compl., ¶¶ 27-35. For example, his breach of contract cause of action states in a conclusory fashion that "[i]t is a material breach of contract for the defendant Wells Fargo Bank to allow millions of its account holders . . . to have their private account information hacked into and exposed . . . ." Compl., ¶¶ 27-29. However, Plaintiff does not even allege the existence of a contract. *Id.* Even further, each of Plaintiff's causes of action are state law claims, but the Court has insufficient

information to determine which State's laws apply.  *See generally*, Compl. (listing conduct occurring in Maryland, Utah, Nebraska, Ohio, Florida, Massachusetts, and Virginia).  Plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  Accordingly, the Court finds Plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES** Plaintiff's Complaint without prejudice.  Plaintiff must file an amended complaint, if any, on or before **April 6, 2018**.  Failure to file an amended complaint on or before the deadline may result in this case being dismissed with prejudice.

**IT IS SO ORDERED**.

Dated:  February 14, 2018

Hon. Michael M. Anello
United States District Judge